Quarles *v.* Brown.

---

NOVEMBER 11, 1802.

# Tunstall Quarles *v.* John Brown.

*Upon a writ of error to reverse a judgment of the General Court.*

In ejectment the elder legal title must prevail, and the court can not consider, or give effect to, superior equitable rights.

On the trial of this ejectment in the court below, Brown, who was the plaintiff, obtained a verdict and judgment in his favor as being assignee of an older legal title than that under which Quarles was in possession, of the land in contest; and this writ of error depends on a bill of exceptions taken by Quarles, because the court refused to permit him to give in evidence an old military warrant and survey, on which the title of his assignor is founded. And in this court it is strenuously urged by his counsel that law and policy both require that on trials in ejectment a superior equitable

title of record should be permitted to rebut an adverse legal title. But to this doctrine there seems to be several well-supported objections. 1st. A title of any kind may appear fair on record, which has been procured by fraud, accident or mistake; and these are the proper objects of courts of chancery, and in general can be more fully and fairly investigated in those courts than in courts of law. 2d. It is an established general principle that in ejectment the elder legal title must prevail. And the only clear exception to this general rule which the court can discover in English precedents is, where both the parties claim under the same legal title; to which might be added that the case, *Bell, etc.*, against *Drake*, formerly decided in this court, falls under the exception which has been stated. And 3dly. In many instances it would lessen the chance for justice and uniformity of decision by transferring intricate points of law from courts to juries, which, in contests for land, the court does not conceive would be good policy. Wherefore, it is considered by the court, that the judgment aforesaid be affirmed, and that the defendant recover of the plaintiff his costs in this behalf expended, which is ordered to be certified to the said court.

*Melton* against *Brown*, affirmed, etc., for the reasons stated in the opinion of this court in the writ of error, *Quarles* and *Brown*.